NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD ALLEN REYNOLDS, | No. 15-35347 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-06062-BHS |
| v. | |
| LEWIS COUNTY, WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 1, 2017[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and FOOTE,[***] District Judge.

Ronald Reynolds appeals from a district court order granting summary

judgment in favor of Defendant-Appellees, Lewis County and Lewis County

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Coroner, Warren McLeod.  We review de novo a district court's grant of summary judgment.  *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (citing *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997)).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reynolds filed suit under 42 U.S.C. § 1983 and state law for claims arising out of an inquest conducted by the Coroner into the death of Reynolds's wife.  An inquest jury determined that the cause of death was homicide and that Reynolds was one of the persons responsible.  The Coroner issued an arrest warrant for Reynolds, though the County Prosecutor declined to bring charges.  Reynolds contends that both the County and the Coroner violated his Fourth and Fourteenth Amendment rights during this process.

The Coroner is entitled to qualified immunity as Reynolds has not shown a violation of his constitutional rights.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  The Coroner had jurisdiction and authority to conduct the inquest, and he did not abuse his discretion in doing so.  Wash. Rev. Code § 36.24.020 (2011).  Therefore, the arrest that followed, which was mandated by statute, was supported by probable cause and did not violate Reynolds's Fourth Amendment rights.  *See* Wash. Rev. Code § 36.24.100 (2011).  Similarly, Reynolds has not shown a violation of his Fourteenth Amendment rights.  Reynolds claims that he was deprived of his property interest in his continued employment with the school

district, but has offered no evidence that his employment was the sort of public employment in which he had a constitutionally protected property interest, and no evidence that he did not resign voluntarily. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). As to any substantive due process claim, Reynolds's assertion that his arrest was unlawful is properly analyzed under the Fourth Amendment, and, for the reasons announced above, the claim is without merit. *See Fontana v. Haskin*, 262 F.3d 871, 881-82 (9th Cir. 2001). Additionally, no conduct of the Coroner meets the high standard of a substantive due process violation. *See Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–49 (1998)) (noting that a substantive due process violation involves action that shocks the conscience).

Reynolds also appeals the district court's dismissal of his three state law claims against the Coroner for abuse of process, unlawful arrest, and libel. All of Reynolds's state law claims stem from the Coroner's inquest proceeding, which is a mechanism for determining the cause and manner of death. Therefore, pursuant to Washington state law, the Coroner is immune from liability for Reynolds's state law claims. Wash. Rev. Code § 68.50.015 (2011).

Finally, summary judgment was proper as to Reynolds's claims against the County under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), because a municipality cannot be held liable when there is no

underlying constitutional violation. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

**AFFIRMED.**